Woodrow J. GREGORY,
Plaintiff-Appellant,

v.

UNITED STATES of America, Edward H. Levi, Attorney General of the United States of America, Verne Gauby, Special Agent, Federal Bureau of Investigation, Unknown Agents of the Federal Bureau of Investigation, Defendants-Appellees.

No. 77–1253.

United States Court of Appeals,
Sixth Circuit.

Argued April 12, 1979.

Decided May 4, 1979.

Hugh C. Howser, Hugh C. Howser, Jr., Howser, Thomas, Summers, Binkley & Archer, Nashville, Tenn., for plaintiff-appellant.

Hal D. Harden, U. S. Atty., Nashville, Tenn., Mitchell B. Dubick, Sp. Litigation, Criminal Div., U. S. Dept. of Justice, Washington, D. C., John F. Barg, Robt. E. Kopp, Raymond M. Larizza, Civ. Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before LIVELY and KEITH, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

The plaintiff brought this action for damages, alleging violation by the defendants of 18 U.S.C. § 2520.[1] Section 2520 is part of Title III of the Omnibus Crime Control and Safe Streets Act of 1968. Title III (Sec-

---

1. § 2520. Recovery of civil damages authorized

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person—

(a) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
(b) punitive damages; and
(c) a reasonable attorney's fee and other litigation costs reasonably incurred.
A good faith reliance on a court order or on the provisions of section 2518(7) of this chapter shall constitute a complete defense to any civil or criminal action brought under this chapter.

tions 2510–2520) deals with interception of wire and oral communications.

An order was entered which permitted FBI agents to tap the plaintiff's telephone and intercept and record conversations. It is not contended that this intercept order was invalid. Subsequently the defendant Gauby, an FBI agent, attached the verbatim transcript of conversations intercepted pursuant to the order to an affidavit which he executed in applying for warrants to search various premises. After the search warrants had been executed and returned to court the District Judge ordered the warrant documents, including the application, the affidavit and the transcript of intercepted communications, filed with the clerk of the district court pursuant to Rule 41(g), Federal Rules of Criminal Procedure.[2] The effect of this order was to release the documents from a previous order sealing them. A Nashville newspaper then published the contents of the intercepted communications.

■ The only involvement of the defendant Edward H. Levi alleged in the complaint is that, in his capacity as Attorney General of the United States, he authorized the original application for an intercept order. The district court properly granted a motion to dismiss this defendant for failure of the complaint to state a claim against him.

■ Here the plaintiff and others affected by the intercept order were protected from disclosure by the district court's order which required that the tapes be sealed. This protection was lost when the transcript became part of an executed search warrant and the court followed the requirement of Rule 41(g). Though the defendant Verne Gauby did prepare the affidavit to which the transcript was attached, it is not alleged that he made an unauthorized disclosure of its contents. It is only charged that he failed or refused "to adequately protect against the unauthorized disclosure and use . . ." of the intercepted communica-

tions. The mere allegation that he failed or refused to adequately protect the disclosure or use is not sufficient to state a claim against this defendant.

The disclosure in this case occurred as a result of the district court's order, made in compliance with Rule 41(g), *supra*. At the time of entry of this order the district court and the United States Attorney did not have the benefit of this court's opinion in *United States v. Woods*, 544 F.2d 242 (1976) cert. denied 430 U.S. 969 (1977), 97 S.Ct. 1652, 52 L.Ed.2d 361. In *Woods* this court refused to order dismissal of criminal charges where a newspaper published information based on a transcript of intercepted communications stating,

. . . in view of the congressional intention to protect individual privacy, it would be better practice for the government to request, as a matter of course, that the district court restrict access to documents filed with the court that contain intercepted communications. *Id.* at 253.

Situations such as that which occurred in the present case may be avoided by following the "better practice."

In an amended complaint the plaintiff made the following claim:

17. Plaintiff alleges that prior to the Court order of December 17, 1975 which unsealed the search warrant and application attached thereto, that the defendants, Verne Gauby and other unknown agents of the Federal Bureau of Investigation and the United States of America released information concerning the intercepted wire communications or evidence derived therefrom, intercepted in accordance with the provisions of 18 U.S.C.A. § 2510, et seq., to members of the news media in violation of said statute.

Paragraph 17 referred to an alleged statement by a newspaper reporter which indicated that she had prior information about the investigation into plaintiff's activities

---

2. **(g) Return of Papers to Clerk.** The federal magistrate before whom the warrant is returned shall attach to the warrant a copy of the return, inventory and all other papers in connection therewith and shall file them with the clerk of the district court for the district in which the property was seized.

**1090**

and details of a raid which followed issuance of the search warrants before such information was released publicly. When plaintiff attempted to develop this claim the newspaper reporter refused to answer some of the questions propounded to her in an oral deposition. She did testify, however, that her statement about the raid was somewhat different from the statement she was represented as having made.

The district court concluded, primarily on the basis of affidavits from a number of FBI agents, that there had been no unauthorized disclosure to the newspaper reporter of the contents of intercepted communications. Summary judgment was entered in favor of the defendants on this claim.

■ We conclude that summary judgment was improper. The proceedings under the amended complaint disclosed a discrepancy between the testimony of the newspaper reporter and that of the person with whom she spoke about the raid as to the content of her statement. Further, the reporter did testify by deposition that she had gotten some information from an FBI agent, but refused to name the agent on the claim of the First Amendment right to decline to divulge a news source. The district court did not rule on this claim of privilege. Without intimating any view on the merits of the plaintiff's claim or the eventual outcome of this case the court is constrained to hold that the record before us does not demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.

The order dismissing Edward H. Levi as a defendant is affirmed. The order dismissing the claim based upon disclosure by filing the search warrant documents with the clerk of court is also affirmed. The order granting summary judgment on paragraph 17 of the amended complaint is reversed and the cause is remanded for further proceedings. No costs allowed.